UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA ANDERSON, as legal guardian and next friend of her minor child, "K.A.", | ) ) ) |
| Plaintiff, | ) ) Case No. |
| vs. | ) ) Judge ) |
| CHICAGO BOARD OF EDUCATION; DARREN BELL; and FOLASADE ADEKUNLE, | ) Magistrate Judge ) ) ) |
| Defendants. | ) Trial by Jury Demanded ) |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, Pamela Anderson, as legal guardian and next friend of her minor child, "K.A.," by and through her attorney, David S. Lipschultz, and in support of her Complaint at Law against the Defendants, Chicago Board of Education; Darren Bell; and Folasade Adekunle; states as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq*. (hereinafter "Title IX"), and other laws.

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper under 28 U.S.C. §1391(b) as all parties reside in this judicial district and all of the events giving rise to this claim occurred in this district.

THE PARTIES

4. Plaintiff Pamela Anderson (hereinafter "Anderson") is the legal guardian and next friend of her female minor child, "K.A." Anderson is a resident of Cook County.

1

5. "K.A.", a female minor child, was, at the time of the incidents at issue in this Complaint, a student at Harriet E. Sayre Elementary Language Academy (hereinafter "Sayre"), a Chicago Public School located at 1850 N. Newland Avenue, Chicago, Illinois.

6. Defendant Chicago Board of Education (hereinafter "Board") is a governing body responsible for the operation and oversight of the Chicago Public Schools, including Sayre. Plaintiff sues Board for its acts and the acts of its employees, agents, contractors and servants, including all other Defendants in this action.

7. Board is a recipient of federal financial assistance from the United States Department of Education and is subject to the mandates of Title IX.

8. Defendant Darren Bell (hereinafter "Bell") was, at the time of the incidents at issue in this Complaint, a teacher at Sayre and an employee of Board.

9. Defendant Folasade Adekunle (hereinafter "Adekunle") was, at the time of the incidents at issue in this Complaint, the principal of Sayre and an employee of Board.

ALLEGATIONS OF FACTS

10. K.A. was an eighth-grade student at Sayre during the 2019-2020 school year.

11. Bell was a physical education teacher at Sayre during the 2019-2020 school year. K.A. was one of Bell's students.

12. Adekunle was the principal of Sayre during the 2019-2020 school year.

13. For many months during the 2019-2020 school year, Bell, while on duty, engaged in ongoing sexual harassment of K.A.

14. On multiple occasions, Bell touched K.A.'s body in an inappropriate manner.

15. On multiple occasions, Bell stood close to K.A., looked at her breasts and buttocks, and made various facial expressions.

16. On multiple occasions, Bell called K.A. insulting names, such as "stupid" and "idiot." Bell frequently told K.A. that she "would never amount to anything."

17. Prior to and during the time of Bell's bad conduct towards K.A., Board, Adekunle, and many teachers and other staff at Sayre, knew about Bell's bad conduct.

18. Despite having actual and constructive notice of Bell's bad conduct, Board, Adekunle, and other teachers and staff failed to protect K.A.

19. Despite having actual and constructive notice of Bell's conduct, Board, Adekunle and other teachers and staff failed to monitor and/or supervise Bell to prevent him from harming K.A.

20. When Plaintiff learned about Bell's sexual harassment of K.A., several months after it began, Plaintiff complained to Board.

21. On February 12, 2021, Board informed Plaintiff in writing that Board's Office of Inspector General conducted an investigation into Plaintiff's and K.A.'s allegations of Bell's harassment. Board stated that the investigation had concluded and that the Office of Inspector General <u>substantiated</u> the allegations.

22. As a direct result of all Defendants' acts and omissions, K.A. suffered serious psychological and emotional trauma, and other damages.

<u>COUNT I</u>
<u>Violation of Title IX of the Education Amendments Act of 1972</u>
<u>(Sexual Harassment/Sexual Discrimination/Hostile Educational Environment)</u>
*<u>Against Defendant Chicago Board of Education</u>*

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24. Title IX provides that, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination

under any education program or activity receiving Federal financial assistance….." 20 U.S.C. §1681(a), (Title IX of the Education Amendments Act of 1972).

25. K.A. belongs to a protected group pursuant to Title IX.

26. Defendant Board provides educational institutions with programs and activities and is the recipient of federal funds for educational programs and activities as defined under Title IX.

27. The discrimination of K.A. was based on sex as described above, in that Bell sexually harassed K.A.

28. Defendant Board, by and through Bell, Adekunle and others, allowed K.A. to be discriminated against based on sex.

29. Defendant Board, by and through Bell, Adekunle and others Bell, Adekunle and others, treated K.A. differently from other similarly situated students not belonging to the same class as K.A.

30. The Board and Adekunle had actual knowledge of Bell's history of sexual harassment of female students.

31. The Board and Adekunle had authority to institute corrective measures to protect K.A. from being sexual harassed by Bell.

32. The Board and Adekunle failed to institute any corrective measures to prevent Bell from sexually harassing K.A. after they became aware of Bell's disturbing behavior.

33. The Board and Adekunle were deliberately indifferent to Bell's history of sexual harassment of K.A.

34. In doing nothing to keep Bell away from K.A. and other students, or any other students, the response (or lack thereof) by the Board and Adekunle were clearly unreasonable in light of the known circumstances.

35. The sexual harassment were so objectively improper and pervasive that K.A. was deprived of access to educational opportunities or benefits provided by the Board and Sayre, as described above.

36. The harassment had a concrete and negative effect on K.A.'s educational opportunities including but not limited to K.A.'s decline in academic performance and attendance.

WHEREFORE, the Plaintiff, Pamela Anderson, prays for judgment against Defendant Chicago Board of Education and Defendant Darren Bell, for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

COUNT II
42 U.S.C. §1983 <i>Monell</i> Claim
<i>Against Chicago Board of Education</i>

37. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38. The actions of Board were taken pursuant to one or more of its interrelated *de facto* policies, practices and/or customs.

39. At all times material to this complaint, Board had in effect *de facto* policies, practices, and customs which included:

   a. the failure to properly vet applicants in order to prevent the hiring of Chicago Public School teachers who may be at risk of sexually harassing students;

   b. the failure to properly train and supervise Chicago Public School teachers to prevent other teachers from harassing any student;

      c. the failure to properly train and supervise Chicago Public School teachers and staff to report to Board the identities of any teacher who has, or may have, sexually harassed any student; and,

      d. the failure to properly discipline Chicago Public School teachers who have sexually harassed a student;

40. Said policies, practices and customs are evidenced in a report issued on August 16, 2018, by Margaret A. Hickey of the law firm, Schiff Harden, entitled "Preventing and Responding to Sexual Misconduct against Student in Chicago Public Schools." According to this report, the investigative team found "systematic deficiencies in CPS' efforts to prevent and respond to incidents of sexual misconduct" occurring at all levels of the schools, the networks, the Central Office, and the Board, and that, "[w]hile there were policies and procedures about sexual misconduct on the books, employees were not consistently trained on them, and there were no mechanisms to ensure that they were being uniformly implemented or to evaluate their effectiveness."

41. Despite the foregoing policies regarding sexual discrimination, Defendant Board acted, as a matter of custom, policy, or widespread practice, in a manner that was deliberately indifferent to the plainly obvious risk of sexual misconduct to its students by its lack of training and enforcement on policies intended to prevent sexual harassment or discrimination.

42. Consequently, this deliberate indifference to the training and enforcement of these policies allowed Bell and others to act without fear of punishment for sexual misconduct and created an unsafe environment for victims of sexual abuse.

43. As a result of the Board's conduct, K.A. was injured.

44. Board's failures acted as direct and proximate causes of the injuries to K.A.

45. Board's policies, practices and customs were the moving force and a direct and proximate cause of the unconstitutional acts committed by Board, Bell and Adekunle, and a direct and proximate cause of the injuries sustained by K.A.

WHEREFORE, the Plaintiff, Pamela Anderson, prays for judgment against the Defendant Chicago Board of Education, for compensatory damages, punitive damages, the costs of the action, attorney's fees pursuant to 42 U.S.C. §1988, and any additional relief this Court deems equitable and just.

## COUNT III
### Willful and Wanton Supervision (State Law Claim)
### Against Defendants Chicago Board of Education and Folasade Adekunle

46. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

47. Defendant Board and Adekunle, by and through their agents and/or employees, knew of Bell's history of harassment yet and had notice of a substantial risk of harm to K.A. and other students.

48. Defendant Board and Adekunle, by and through its agents and/or employees, had a duty to notify law enforcement or DCFS of Bell's conduct following their first notice.

49. Defendant Board and Adekunle had a duty to closely monitor Bell and to implement protective measures to prevent Bell from sexually harassing K.A.

50. Defendant Board and Adekunle breached said duty where they failed to inform, monitor, report, prevent, or discipline Bell despite notice of a substantial danger of harm to K.A.

51. Defendant Board and Adekunle were willful and wanton in the following ways:

   a. Failed to report Bell's sexual harassment to appropriate law enforcement or DCFS as required by state law, with utter indifference to or in conscious disregard for the safety of others;

   b. Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of sexual

   abuse, with utter indifference to or in conscious disregard for the safety of others;

  c. Failed to closely monitor Bell or otherwise discipline or remove Bell from Sayre to prevent his harassment of K.A., in utter indifference to or in conscious disregard for the safety of others; and,

  d. Failed to reasonably direct, instruct, supervise, monitor, and train their agents, servants, and/or employees to be aware of the care and treatment needed for each student, including K.A., with utter indifference to or in conscious disregard for the safety of others.

52. Defendant Board's conduct was with reckless indifference or conscious disregard to the safety of K.A., with utter indifference to or in conscious disregard for the safety of others.

53. As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions, Defendant Board caused harm to K.A.

WHEREFORE, the Plaintiff, Pamela Anderson, prays for judgment against the Defendant Chicago Board of Education and Folasade, for compensatory damages, punitive damages, the costs of the action, attorney's fees, and any additional relief this Court deems equitable and just.

<u>COUNT IV</u>
<u>Violation of the Illinois Gender Violence Act</u>
*<u>Against Defendant Darren Bell</u>*

54. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

55. Plaintiff claims Defendant Bell violated the Illinois Gender Violence Act, 740 Ill. Comp. Stat. 82/1 *et seq.*

56. Under the Act, any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages against a person or persons perpetrating that gender-related violence. 740 Ill. Comp. Stat. Ann. 82/10.

57. For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence. 740 Ill. Comp. Stat. Ann. 82/10.

58. Under the Act, "gender-related violence" is defined, in relevant part, as (1) one or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction; or (2) a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois, whether or not the act or acts resulted in criminal charges, prosecution, or conviction.

59. Bell committed multiple violations of the Act, as described above.

60. As the direct result of Bell's unlawful conduct, K.A. suffered damages, as described above.

WHEREFORE, the Plaintiff, Pamela Anderson, prays for judgment against the Defendant Darren Bell, for compensatory damages, punitive damages, the costs of the action, attorney's fees, and any additional relief this Court deems equitable and just.

COUNT V
Assault and Battery (State Law Claim)
*Against Defendant Darren Bell*

61. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

62. Defendant Bell assaulted and battered K.A.

63. A person commits an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery.

64. A person commits a battery when they (1) intend to cause a harmful or offensive contact with the plaintiff; (2) actually make the harmful and unauthorized physical contact with the plaintiff; (3) the plaintiff is injured; and (4) the defendant's action cause the plaintiff's injury.

65. As the direct result of Bell's conduct, K.A. suffered damages, as described above.

WHEREFORE, the Plaintiff, Pamela Anderson, prays for judgment against the Defendant Darren Bell, for compensatory damages, punitive damages, the costs of the action, attorney's fees, and any additional relief this Court deems equitable and just.

COUNT VI
Intentional Infliction of Emotional Distress (State Law Claim)
*Against Defendant Darren Bell*

66. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

67. Defendant Bell intentionally inflicted emotional distress upon K.A. when he committed the acts described above.

68. Such conduct by Bell was extreme and outrageous.

69. Bell knew there was a high probability that this conduct would cause emotional distress to K.A.

70. As the direct result of Bell's unlawful conduct, K.A. has suffered damages, as described above.

WHEREFORE, the Plaintiff, Pamela Anderson, prays for judgment against the Defendant Darren Bell, for compensatory damages, punitive damages, the costs of the action, attorney's fees, and any additional relief this Court deems equitable and just.

COUNT VII
*Respondeat Superior* (State Law Claim)
*Against Defendant Chicago Board of Education*

71. Plaintiff repeats and realleges paragraphs 1 through 22, and all state law claims set forth above, as if fully set forth herein.

72. The state law violations claimed herein were committed by Defendant Darren Bell in the scope of his employment with Defendant Board.

73. As a result of the unlawful actions of Bell, the Plaintiff was injured

74. Board, as principal, is liable for the actions of its employee, Bell, pursuant to the doctrine of *respondeat superior* for the state law claims set forth in this action.

WHEREFORE, should Defendant Darren Bell be found liable for the acts alleged above, Defendant Chicago Board of Education would be liable to pay the Plaintiff any judgment and damages obtained against the Defendant Officers.

JURY DEMAND

Plaintiff, Pamela Anderson, seeks trial by jury.

Respectfully submitted,

PAMELA ANDERSON

/s/ *David S. Lipschultz*

David S. Lipschultz
Atty No. 6277910
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com

11